UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60350-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONAS AURELHOMME,

    Defendant.
_____/

## ORDER DENYING POST-CONVICTION RELIEF

**THIS CAUSE** is before the Court on Defendant Jonas Aurelhomme's Motion for Disposition Under Rule 4(d) for Summary Judgment to Removal All Enhancement and Pursuant Under 18 U.S.C. § 3582(c)(2) for the Equal Protection Rights for the Fair Sentencing Act 1789, 2010 to Invoked this Court Jurisdiction Matters of All Rule of the Constitutional Laws that Changes the 1986 Laws from the Mandatory and the Minimum Sentencing Laws Under the Enhancement [DE 767 & 768]. The Court has considered the Defendant's motions, the Government's response, and is otherwise advised in the premises.

Mr. Aurelhomme requests vacation of his conviction and sentence or resentencing without enhancements. In June 2007, Mr. Aurelhomme pled guilty to conspiracy to possess with the intent to distribute a controlled substance, to wit: five or more kilograms of cocaine. In the Factual Statement in Support of Plea Agreement, he agreed that between June and December 2006, he received an average of 5 kilograms of cocaine per week from co-defendant Prospere Vernet that he in turn sold. The presentence report assigned an offense level of 36 based in part on his involvement in a

conspiracy to distribute at least 50 but less than 150 kilograms of cocaine.  His advisory guideline imprisonment range was 188 to 235 months.  Mr. Aurelhomme did not object to this range.  The Government filed a 5K1.1 motion seeking a 30 percent sentence reduction based on Mr. Aurelhomme's substantial assistance.  The Court granted the motion and departed downward, imposing a 131 month sentence.  No appeal was filed, nor was a § 2255 motion filed within the prescribed time.

Mr. Aurelhomme's motion is without merit and untimely.  First, 18 U.S.C. § 3582(c)(2) does not apply because the Defendant was not sentenced to a term of imprisonment that was subsequently lowered by the Sentencing Commission.  Second, the Supreme Court's decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), does not afford the Defendant relief as the indictment charged the specific drug quantity necessary to trigger the application of the mandatory minimum penalty and the Defendant admitted in the written factual proffer that the offense involved at least 5 kilograms of cocaine.  Thus, the indictment, plea, agreed-to facts, and sentence fully comported with the <u>Alleyne</u> decision.  Third, if construed as a request for habeas relief under 28 U.S.C. § 2255, it is untimely as it was not filed within one year from when the Defendant's conviction became final.

Accordingly, it is thereupon

**ORDERED AND ADJUDGED** that Defendant Jonas Aurelhomme's Motion for Disposition Under Rule 4(d) for Summary Judgment to Removal All Enhancement and Pursuant Under 18 U.S.C. § 3582(c)(2) for the Equal Protection Rights for the Fair Sentencing Act 1789, 2010 to Invoked This Court Jurisdiction Matters of All Rule of the

Constitutional Laws that Changes the 1986 Laws from the Mandatory and the Minimum Sentencing Laws Under the Enhancement [DE 767 & 768] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of December, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF